UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
GREGORIO DeJESUS,                    : 14 Civ. 3773 (JSR) (JCF)
                                     :    10 Cr. 40 (JSR)
            Movant,                  :
                                     :        REPORT AND
    - against -                      :        RECOMMENDATION
                                     :
UNITED STATES OF AMERICA,            :
                                     :
            Respondent.              :
- - - - - - - - - - - - - - - - - -:
TO THE HONORABLE JED S. RAKOFF, U.S.D.J.:

      Gregorio DeJesus pled guilty in this court to conspiracy to
distribute narcotics.  Mr. DeJesus now moves pursuant to 28 U.S.C.
§ 2255 to vacate, set aside, or correct his sentence.  He asserts
one ground for relief: that he is "actually innocent" of having
conspired to distribute the quantity of drugs for which he was
sentenced.  I recommend that the motion be dismissed because it is
time-barred.

Background[1]

      Mr. DeJesus was indicted in the Southern District of New York
along with four other defendants for possession with intent to
distribute and conspiracy to distribute 3,4 Methylenedioxy-
Methamphetamine in violation of 21 U.S.C. §§ 812, 841(a)(1),
841(b)(1)(A), 841(b)(1)(C), and 846.  (Superseding Indictment dated

---

      [1] The background in this case is drawn from Mr. DeJesus'
motion, memorandum, and exhibits, as well as documents filed on the
criminal docket.

1

March 8, 2010). He pled guilty to having conspired to sell "at least 50 grams of mixtures and substances containing methamphetamines and also the substance of ecstasy." (Transcript of Plea Proceeding dated April 14, 2010 ("Plea Transcript") at 12-14). The petitioner asserts that the weight of the "actual drug" contained within the pills was 31.1 grams. (Petitioner's Memorandum in Support of Motion to Vacate, Set Aside, or Correct Sentence ("Pet. Memo."), attached to 28 U.S.C. § 2255 Motion ("Pet. Mot."), at 3; U.S. Department of Justice, Drug Enforcement Administration Laboratory Report ("Laboratory Report"), attached as Exh. B to Pet. Memo.). On August 11, 2010, Mr. DeJesus was sentenced to 120 months in prison and four years of supervised release.[2] (Transcript of Sentencing Proceeding dated Aug. 11, 2010 ("Sentencing Transcript") at 1, 11).

Mr. DeJesus did not file a direct appeal (Pet. Mot., ¶ 8) and has not filed any other motions, petitions, or applications concerning his conviction or sentence prior to the instant motion

---

[2] The Federal Sentencing Guidelines were one of several factors considered by the court in the determination of Mr. DeJesus' sentence. The sentencing guideline range agreed to by the prosecution and Mr. DeJesus prior to his plea was 135 to 168 months. (Plea Transcript at 10). The court agreed that the total offense level was 33 and that Mr. DeJesus had a one level criminal history, giving rise to the same range. (Sentencing Transcript at 2). However, the court took into account defense counsel's arguments that the substance involved had not been imported and that the defendant did not know it was specifically crystal methamphetamine. (Sentencing Transcript at 10-11).

(Pet. Mot., ¶ 10).  He states that he did not appeal his conviction because "[his] English is limited and [he] did not know that [he] could appeal."  (Pet. Mot., ¶ 12(b)(2)).

Mr. DeJesus filed this Section 2255 motion on April 27, 2014. He contends that his offense was improperly categorized based on the total weight of the substance he sold rather than the weight of the "actual drug" that the substance contained.  (Pet. Memo. at 3-4).  According to his calculus, because the substance contained only 31.1 grams of actual methamphetamine, his offense should have been categorized as level twenty-six, indicating a Federal Sentencing Guidelines range of between sixty-three and seventy-eight months.[3]  (Pet. Memo. at 4; Sentencing Table).

In July 2014, I directed the petitioner to file an affirmation showing cause why his motion should not be denied as time-barred. (Order dated July 22, 2014).  He did not file such an affirmation, but did move for the appointment of counsel.  In light of the fact

---

[3] While it does not bear on the reasoning here, a quantity of "[a]t least 20 G but less than 35 G of Methamphetamine (actual)" indicates a base offense level of twenty-eight, not twenty-six, under the Sentencing Guidelines, and carries a sentencing range of seventy-eight to ninety-seven months.  U.S. Sentencing Guidelines Mmanual ("Sentencing Guidelines") § 2D1.1(c)(6) (2009); U.S. Sentencing Table (2009) (attached as Exh. E to Pet. Memo.). Moreover, the Sentencing Guidelines make clear that "the weight of a controlled substance . . . in the table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance," and the amount of the actual drug is therefore not controlling.  (Sentencing Guidelines  2D1.1 n.A).

3

that Mr. DeJesus' petition appeared to be time-barred, I denied that application.  (Order dated Aug. 8, 2014).

<u>Discussion</u>

    A.   <u>Standard of Review</u>

Under Section 2255 of the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), a prisoner in custody under a federal criminal sentence may make a motion to the court that imposed the sentence to vacate, set aside, or correct the sentence.  28 U.S.C. § 2255(a).  To obtain relief under Section 2255, a prisoner in federal custody must show that his sentence (1) was imposed in violation of the Constitution or laws of the United States; (2) was entered by a court without jurisdiction to impose the sentence; (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  Collateral relief under Section 2255 is available "only for constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'"  <u>United States v. Bokun</u>, 73 F.3d 8, 12 (2d Cir. 1995) (quoting <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962)).

Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the court has the authority to review and deny a Section 2255 motion before directing an answer "[i]f it plainly appears from the

motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing § 2255 Proceedings for the United States District Courts, Rule 4(b); accord <u>Acosta v. Artuz</u>, 221 F.3d 117, 123 (2d Cir. 2000). The court is obliged, however, to construe <u>pro se</u> proceedings liberally and interpret them to "raise the strongest arguments they suggest." <u>Triestman v. Federal Bureau of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted); <u>accord</u> <u>Green v. United States</u>, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a <u>pro se</u> litigant is not exempt "from compliance with relevant rules of procedural and substantive law." <u>Triestman</u>, 470 F.3d at 477 (internal quotation marks omitted).

   B.   <u>Statute of Limitations</u>

   Mr. DeJesus' claim is time-barred. Section 2255 motions are subject to a one-year statute of limitations, which begins to run on the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

or

(4) the date on which the facts supporting the claim or
claims presented could have been discovered through the
exercise of due diligence.

28 U.S.C. § 2255(f).  A conviction that has been appealed becomes
final when the Supreme Court "affirms a conviction on the merits on
direct review or denies a petition for a writ of certiorari, or
when the time for filing a certiorari petition expires." Clay v.
United States, 537 U.S. 522, 527 (2003).  An unappealed federal
criminal judgment "becomes final when the time for filing a direct
appeal expires." Moshier v. United States, 402 F.3d 116, 118 (2d
Cir. 2005).

Because Section 2255(f)'s one-year limitation is a statute of
limitations, not a jurisdictional bar, Green, 260 F.3d at 82, the
court may toll the period for equitable reasons, provided that the
petitioner "show[s] that extraordinary circumstances prevented him
from filing his petition on time," and that he "acted with
reasonable diligence throughout the period he seeks to toll."
Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001)
(internal quotation marks omitted).  A compelling showing of
"actual innocence" may also provide an equitable exception to the
limitations period. McQuiggin v. Perkins, __ U.S. __, __, 133 S.
Ct. 1924, 1931-36 (2013); Rivas v. Fischer, 687 F.3d 514, 540, 552
(2d Cir. 2012).

Mr. DeJesus was sentenced on August 11, 2010. (Sentencing Transcript at 1). Because he did not file a direct appeal (Pet. Mot., ¶ 8), his judgment became final on August 25, 2010. Moshier, 402 F.3d at 118; Fed. R. App. P. 4(b)(1)(A)(i). The statute of limitations expired one year later, on August 25, 2011. 28 U.S.C. § 2255(f). Mr. DeJesus filed this motion on April 27, 2014. (Pet. Mot. at 14).

### 1. Extraordinary Circumstances

Equitable tolling should be granted only in "rare and exceptional circumstance[s]." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (internal quotation marks omitted); accord Rivera v. United States, 448 F. App'x 145, 146 (2d Cir. 2011). Such circumstances may include extraordinary attorney misconduct, see Baldayaque v. United States, 338 F.3d 145, 152-53 (2d Cir. 2003); the petitioner's mental illness, Bolarinwa v. Williams, 593 F.3d 226, 231 (2d Cir. 2010); prolonged delay by a state court in sending notice of a ruling, Diaz v. Kelly, 515 F.3d 149, 154-55 (2d Cir. 2008); and the intentional obstruction of a petitioner's ability to file his petition, Valverde v. Stinson, 224 F.3d 129, 133-34 (2d Cir. 2000). Mr. DeJesus does not offer any explanation for his failure to timely file his motion, and he did not respond to my order directing him to show cause why the motion should not be dismissed as time-barred (Order dated July 22, 2014). He did

assert in the original motion that he did not file a direct appeal because of his lack of English language skills and his unawareness of his right to appeal.  (Pet. Mot., ¶ 12(b)(2)).  To the extent that this explanation may be applied to his failure to file his Section 2255 motion within the limitations period, it is insufficient.  <u>See, e.g.</u>, <u>Rojas v. United States</u>, Nos. 01 Crim. 471, 10 Civ. 3992, 11 Civ. 4203, 2013 WL 6083407, at *2 (S.D.N.Y. Nov. 19, 2013) (finding petitioner's lack of access to a lawyer, lack of English language skills, and unawareness of proper procedure to collaterally attack conviction not to constitute "extraordinary circumstances"); <u>Beltre v. United States</u>, 477 F. Supp. 2d 649, 652 (S.D.N.Y. 2007) (finding lack of English language skills insufficient); <u>Thrower v. Laird</u>, No. 06 Civ. 4864, 2006 WL 3735649, at *2 (S.D.N.Y. Dec. 14, 2006) (finding ignorance of AEDPA insufficient to warrant tolling).

### 2.  <u>Actual Innocence</u>

Mr. DeJesus has also failed to assert a compelling claim of actual innocence.  In order to demonstrate actual innocence, a petitioner must establish "factual innocence, not mere legal insufficiency," and "demonstrate that 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'"  <u>Bousley v. United States</u>, 523 U.S. 614, 623 (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 327-28 (1995)).  In

a challenge to a sentence rather than a conviction, a petitioner may establish actual innocence by "show[ing] by clear and convincing proof that he is actually innocent of the conduct on which his sentence is based." <u>Spence v. Superintendent, Great Meadow Correctional Facility</u>, 219 F.3d 162, 172 (2d Cir. 2000). While actual <u>factual</u> innocence provides an exception to the statute of limitations, <u>legal</u> innocence does not. <u>See</u> <u>Bousley</u>, 523 U.S. at 623.

Mr. DeJesus' sentence was based, in relevant part, on the finding that he possessed a substance or mixture weighing over 500 grams, which contained a detectable amount of methamphetamine and ecstacy. (Sentencing Transcript at 2, 8-11; Pet. Memo. at 4; Excerpt of Presentence Report, attached as Exh. F to Pet. Memo., ¶ 38). Were the petitioner to argue that the mixture or substance weighed less than 500 grams, or that it did not in fact contain a detectable amount of these drugs, his claim would plausibly be one of factual innocence. <u>See</u> <u>Spence</u>, 219 F.3d at 171 (finding petitioner's claim that he was innocent of predicate offense on which sentence enhancement was based to be one of factual innocence); <u>Vargas v. United States</u>, No. 00 CV 2275, 2007 WL 2246004, at *5 n.3 (E.D.N.Y. July 31, 2007) (finding petitioner's claim that substance he was convicted of selling was cocaine rather than crack, and thereby subject to different sentencing guidelines,

to "arguably [be] based on actual innocence"). Mr. DeJesus does not, however, dispute the weight or contents of the substance in question. Rather, he contends that his sentence should have been based on the weight of the "actual drug" contained within the pills (31.1 grams) rather than the total weight of the pills (over 500 grams). (Pet. Memo. at 3 (citing Laboratory Report)). This claim constitutes one of legal, not factual, innocence. See <u>Darby v. United States</u>, 508 F. App'x 69, 71 (2d Cir. 2013) (finding petitioner's claim that sentencing guidelines were improperly applied to predicate offense of which he was guilty to be one of legal innocence). Accordingly, equitable tolling is not justified and Mr. DeJesus' claim is time-barred.

<u>Conclusion</u>

For these reasons, I recommend that Mr. DeJesus' motion (Docket No. 1 in 14 Civ. 3773; Docket No. 41 in 10 Cr. 40) be dismissed. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Jed S. Rakoff, Room 1340, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude

appellate review.

Respectfully submitted,

James C. Francis IV

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:     New York, New York
           October 28, 2014

Copies mailed this date:

Gregorio DeJesus
70775-054
Federal Correctional Institution Fairton
P.O. Box 420
Fairton, NJ 08320-0420

Gregorio DeJesus
70775-054
CI NE Ohio Correctional Center
2240 Hubbard Rd.
Youngstown, OH 44501

11